UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

*****************************************
REDFLEX TRAFFIC SYSTEMS, INC.     *       CIVIL ACTION NO:
                                  *
            Plaintiff             *
                                  *
    v.                            *       SECTION " "
                                  *
NEWELL NORMAND, in his official capacity as,  *
SHERIFF, PARISH OF JEFFERSON,     *
STATE OF LOUISIANA                *
                                  *       MAGISTRATE:
            Defendant             *
                                  *
*****************************************

## COMPLAINT

Redflex Traffic Systems, Inc. states:

## PARTIES

I.

Plaintiff Redflex Traffic Systems, Inc. ("Redflex") is a Delaware corporation with its principal place of business in Phoenix, Arizona.

II.

Defendant Newell Normand ("Sheriff") is the Sheriff for the Parish of Jefferson, State of Louisiana and is sued in that official capacity.

## JURISDICTION AND VENUE

III.

This Court has personal jurisdiction over Sheriff because at all times relevant to this Complaint he was transacting business in this District. Subject Matter Jurisdiction is proper pursuant to 28 U.S.C. § 1332 as there is complete diversity between the parties and because the amount in controversy presently exceeds $75,000.00 (*See also* ¶ XV, below). This action is authorized and instituted pursuant to La. Civ. Code arts. 1986, 1987, 1989, 1998 and 1994 *et seq*.

IV.

Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the alleged activity was committed within the jurisdiction of the United State District Court for the Eastern District of Louisiana.

## CONDITIONS PRECEDENT TO SUIT

V.

All conditions precedent to the institution of this lawsuit have been fulfilled:

A.  Redflex mailed Notice of this claim of indemnification to Sheriff on July 18, 2012.

B.  On August 1, 2012, Sheriff notified Redflex that he will not accept the tender of defense and indemnification.

## STATEMENT OF THE CLAIMS

VI.

Redflex and Sheriff are signatories to an *Exclusive Professional Services Agreement Between Jefferson Parish, Louisiana and Redflex Traffic Systems, Inc. For Photo Red Light Enforcement Program* dated March 16, 2007 ("Agreement"). The Agreement is attached as Exhibit "1".

VII.

On June 20, 2007, the Parish of Jefferson Council adopted the final form of the Automated Traffic Signal Enforcement ("ATSE") ordinance which the Parish President then signed into law. This ordinance outlined how the Photo Red Light Enforcement Program ("Program") would operate in the Parish of Jefferson.

VIII.

Pursuant to Section 3 of the Agreement, Redflex agreed to provide the Program to Sheriff and the Parish of Jefferson, including the installation of red light photo equipment, maintenance of the equipment, and red light violation processing. An objective of the Agreement was to "reduce the incidents of vehicle collisions at the traffic intersections and [Jefferson] Parish streets that will be monitored pursuant to the terms of this Agreement." Exhibit "1" at page 5. The Program was very successful, resulting in both a decrease in accidents and violations through the date of the suspension of the ATSE Ordinance.

IX.

Pursuant to Section 2 of the Agreement, the Program had an initial term of five (5) years. Exhibit "1", page 5.

X.

Pursuant to Section 3.4 of the Agreement, Redflex is owed a percentage of the proceeds received through the Program:

> 3.4 PROSECUTION AND COLLECTION: COMPENSATION. The Customer shall diligently prosecute Citations and the collection of all Fines in respect thereof, and Redflex shall have the right to receive, and the Customer shall be obligated to pay, the compensation set forth on Exhibit D attached hereto.

Exhibit "1", page 7.

XI.

Exhibit "D" of the Agreement, entitled EXHIBIT D – COLLECTION, COMPENSATION AND PRICING, provides:

> All payments on Citations issued pursuant to this agreement will be deposited into a lockbox account at a Bank approved by the State of Louisiana, which is a FDIC member bank and agreed upon by the Parish, Sheriff's Office, and Redflex (hereinafter referred to as the lockbox account). The lockbox account will be in the Sheriff's Office name . . . Upon receipt of the monthly reports and invoice Redflex will transfer the gross collections reported by Redflex to a sheriff's Office account and the Parish will pay Redflex the amount invoiced for Redflex's services in accordance with the fee schedule by check or wire transfer as directed by Redflex. The Jefferson Parish finance Director, the sheriff's Office designee and Redflex will have controlled access to the lockbox account and funds can only be transferred out of the lockbox account by authorized signatories of the Parish, the Sheriff's Office, and Redflex CFO.

Exhibit "D" continues:

> Not later than the fifteenth day of each month, Redflex will provide the Parish and Sheriff with a report summarizing all collections through the lockbox account and those collected by the Sheriff's clerks and an invoice for Redflex's services in accordance with the agreed upon fee schedule. The Sheriff will transfer the net collections reported by Redflex to a Parish account and the Parish will pay Redflex the invoiced amount . . . .

Exhibit "1", pages 24-25.

XII.

Exhibit "D" further provides that Redflex is to be paid the money it is owed "within thirty (30) days after the invoice is received. A monthly late fee of 1.5% is payable for amounts remaining unpaid 60 days from date of invoice." Exhibit "1", pages 27-28.

XIII.

Redflex upheld its obligations and provided the services outlined in the Agreement.

XIV.

Redflex never collected payments or fees associated with the Program.

XV.

Since the inception of the Agreement, Sheriff has collected approximately Twenty Million, Seven Hundred Fifty Six Thousand, Fifty Dollars ($20,756,050.00) resulting from citations under the Program, but has failed to pay Redflex any of the amounts owed to Redflex under the Agreement. The principal amount owed to Redflex is Four Million, Seven Hundred Forty One Thousand, One Hundred Fifty Eight Dollars ($ 4,741,158.00) in proceeds from the Program and Two Million, Six Hundred Twenty Two Thousand, Three Hundred Forty Six Dollars ($ 2,622,346.00) in late fees because of Sheriff's failure to timely pay Redflex what it is owed pursuant to the Agreement. Thus, the total amount Sheriff owes Redflex is Seven Million, Three Hundred Sixty Three Thousand, Five Hundred Four Dollars ($ 7,363,504.00). Sheriff is apparently holding the entire Twenty Million, Seven Hundred Fifty Six Thousand, Fifty Dollars ($20,756,050.00) in an escrow account.

XVI.

Sheriff never provided Redflex with an accounting of the monies that Sheriff's clerk collected. Instead, Sheriff unilaterally decided, in violation of the Agreement, to place the entire Twenty Million, Seven Hundred Fifty Six Thousand, Fifty Dollars ($20,756,050.00) in an escrow account, including the nearly Eight Million Dollars Sheriff owes to Redflex.

XVII.

Redflex has made multiple demands for payment of these proceeds but Sheriff has failed and refused to pay.

XVIII.

On January 27, 2010, without notice to Redflex and without any just cause under the Agreement, the Jefferson Parish Council voted to "suspend" the enforcement of the ATSE ordinance.

XIX.

On March 3, 2010 and March 10, 2010, the Jefferson Parish Council voted to continue the suspension of the ATSE ordinance. This suspension resulted in a discontinuation of the Program. No tickets have been issued since the suspension began although the Sheriff continues to accept payments in response to the Notices of Violation issued before the suspension.

XX.

From March 16, 2007, the inception date of the Agreement, through today, Redflex has received no money from the Program.

XXI.

Redflex anticipates that Sheriff will assert in defense of this Complaint that the money is being held pending resolution of litigation concerning the ATSE Ordinance in which it is alleged that the ordinance is unconstitutional. The Agreement does not allow the Sherriff to withhold payment to Redflex on this basis.

## COUNT ONE

## BREACH OF CONTRACT AND SPECIFIC PERFORMANCE

XXII.

The Agreement obligated Sheriff, following receipt of a monthly invoice from Redflex, to "transfer the net collections reported by Redflex to a Parish account" to facilitate payment to Redflex of the money owed it under the Agreement. Exhibit "1", page 25. The Agreement does

not allow Sheriff to hold these funds in a lockbox account in Sheriff's name, in an escrow account, or in any other account. Although Redflex timely provided every monthly invoice required of it under the Agreement, Sheriff has not paid Redflex a single cent it is owed.

XXIII.

Redflex is entitled to and requests an order requiring Sheriff to specifically perform his obligation under the Agreement and immediately pay to Redflex from the proceeds collected and/or being held by Sheriff all amounts owed to Redflex.

XXIV.

The Agreement also provides for a 1.5 percent monthly late fee on amounts remaining unpaid for 60 days from the date of the invoice. Exhibit "1", page 28. Redflex is entitled to and requests an order requiring Sheriff immediately to pay to Redflex all accrued late fees from the proceeds collected and/or being held by Sheriff.

XXV.

In addition, the Agreement provides that Sheriff "may accept payment from individuals desiring to make payments by cash or check in person at such locations as the Sheriff's Office may designate. Redflex will provide the Sheriff's Office personnel with appropriate access into Redflex's applications in order to permit payment to be receipted and posted to Redflex's Photo Red Light system." Exhibit "1", page 25. Although Redflex provided the appropriate access to the system to Sheriff, Sheriff never posted any accepted in-person payment to the system, nor did Sheriff ever provide an accounting to Redflex of in-person payments. The Agreement does not allow Sheriff to withhold the amounts owed to Redflex under the Agreement on account in-person payments or to fail to post the collection of such payments to the system.

XXVI.

Redflex is entitled to and requests an order requiring Sheriff to specifically perform by: (1) Immediately providing Redflex with an accounting of the in-person payments Sheriff collected; and, (2) Immediately paying Redflex from the proceeds collected and/or being held by Sheriff all owed to Redflex.

XXVII.

In addition, the Agreement provides that the "Jefferson Parish Finance Director, the Sheriff's Office designee and Redflex will have controlled access to the lockbox account and funds can only be transferred out of the lockbox account by authorized signatories of the Parish, the Sheriff's Office, and Redflex CFO." Exhibit "1", page 24.

XXVIII.

Sheriff has never "authorized" the transfer of funds from the lockbox account in order to compensate Redflex and the Agreement does not allow Sheriff to withhold his authorization.

XXIX.

Sheriff was required to perform his obligations under the Agreement in good faith. Despite this requirement, and despite the fact that Sheriff knew Redflex fully performed its obligations under the Agreement, Sheriff continues to withhold his authorization for the transfer of funds without any cause to do so.

XXX.

Redflex is entitled to and requests and order directing Sheriff immediately to provide authorization for the transfer of funds to facilitate payment to Redflex of the amounts owed Redflex.

## COUNT TWO

## IN THE ALTERNATIVE, IF SPECIFIC PERFORMANCE IS NOT GRANTED, REQUEST FOR DAMAGES FOR BREACH OF CONTRACT

XXXI.

In the alternative, and only if the court does not order the requested specific performance, Redflex is entitled to recover its damages including all amounts due it under the Agreement, all consequential damages that Redflex has and will incur (such as damages from cancelled or rejected contracts from other governmental entities, as more fully described *infra*), all damages arising out of the wrongful suspension of the enforcement of the ATSE Ordinance, interest provided by law or contract, attorney's fees and any other damages to be proven at the trial of this matter.

XXXII.

Sheriff's breach of contract has caused and continues to cause Redflex damage in the nature of lost profits under the Agreement as well as the loss of future profits. Redflex is concerned that the breach, in conjunction with comments from Sheriff's Office officials, will negatively impact Redflex's reputation and ability to obtain future contracts in Jefferson Parish and will negatively impact Redflex's ability to negotiate similar contracts in other parts of the United States. Redflex is therefore entitled to damages for the loss of any future earning as a direct result of Sheriff's breach.

## COUNT THREE

## INDEMNIFICATION AND DEFENSE

XXXIII.

Under Section 8.3 of the Agreement, Redflex may seek indemnification from the Sheriff:

8.3 <u>Indemnification by Sheriff.</u> Subject to Section 8.3, the Sheriff hereby agree to defend and indemnify Redflex and its affiliates, shareholders or other interest holders, managers, officers, directors, employees, agents representatives and successors, permitted assignees and all persons acting by, through, under or in concert with them, or any of them (individually a "Redflex Party" and collectively, the "Redflex Parties"_ against, and to protect, save and keep harmless the Redflex Parties from, and to pay on behalf of or reimburse the Redflex Parties as and when occurred for, any and all Losses which may be imposed on or incurred by an Redflex Party arising of or in any way related to (a) **any material misrepresentation, inaccuracy or breach of any covenant, warranty or representation of the Sheriff contained in this Agreement,** (b) negligent or willful misconduct of the Sheriff, its employees, contractors or agents which result in death or bodily injury to any natural person (including third parties) or damage to any real or tangible personal property (including the personal property of third parties), extent to the extent caused by the willful misconduct of any Redflex Party, **(c) any claim, action or demand not caused by Redflex's failure to perform its obligations under this agreement pursuant to any limitations under La. R.S. 38:2198., or (d) any claim, action or demand challenging the Sheriff's use of the Redflex System or any portion thereof, the validity of the results of the Sheriff's use of the Redflex System or any portion thereof, or the validity of the Citations issued, prosecuted and collected as a result of the Sheriff's use of the Redflex System or any portion thereof.**

Exhibit "1", page 13. (Emphasis added.)

XXXIV.

Presently, Redflex is a defendant in two matters: *Earl J. Falgoust and Kathleen McMenamin, individually and on behalf of all other similarly situated v. The Parish of Jefferson and Redflex Traffic Systems, Inc.*, 24th JDC No. 691-768, Parish of Jefferson, State of Louisiana; and *Timothy G. Morales, et al v. The Parish of Jefferson and Redflex Traffic Systems, Inc.*, 24th JDC No. 673-195, Parish of Jefferson, State of Louisiana.

XXXV.

The plaintiffs in these matters have alleged damages arising out of their payments on account of traffic citations issued under the Program. Plaintiffs challenge the use of the Program and the issuance of the Citations they received. Plaintiffs further allege that the Program violated

the Constitutions of the State of Louisiana and the United States of America. Pursuant to Section 8.3 of the Agreement, Sheriff is to indemnify and defend Redflex against these lawsuits.

XXXVI.

Previously, Redflex was a defendant in *Barry Sevin, et al v. Parish of Jefferson, et al*, E.D.La. No. 08-802, Sec. R. The Honorable Sarah J. Vance dismissed the Plaintiffs' claims in *Sevin*.

XXXVII.

The plaintiffs in *Sevin* sought to recover damages allegedly arising out of their payments on account of traffic citations issued under the Program. Plaintiffs challenged the use of the Program and the issuance of the citations they received. Plaintiffs further alleged that the Program violated the Constitution of the United States of America. Pursuant to Section 8.3 of the Agreement, Sheriff is to indemnify Redflex for the expense of defending the *Sevin* lawsuit.

XXXVIII.

Redflex is entitled to and requests indemnification, pursuant to Section 8.3 of this Agreement.

## COUNT FOUR

## ACCOUNTING

XXXIX.

As articulated above, Sheriff owes Redflex not less than approximately Eight Million Dollars pursuant to the Agreement.

XL.

In executing and pursuant to the Agreement, Redflex entrusted these funds to Sheriff, with the understanding and agreement that Sheriff would facilitate the payment of the money owed Redflex as dictated in the Agreement.

XLI.

Sheriff has complete control over these funds and has the ability to spend and otherwise dissipate the funds.

XLII.

Redflex, on several occasions, has demanded payment of the money owed Redflex, but Sheriff has refused such requests, ignoring them at times, continually refusing to pay Redflex what it is owed.

XLIII.

Additionally, Sheriff has failed to provide an accounting of the in-person payments collected to date.

XLIV.

Redflex is entitled to a complete accounting from the Sheriff of all monies collected pursuant to the Agreement including quantification of the money owed to Redflex.

XLV.

No adequate remedy at law exists.

## COUNT FIVE

## **BAD FAITH**

XLVI.

A defendant is in bad faith when it deprives a plaintiff that is party to the contract with defendant of the contract's benefits in an intentional and reckless manner.

XLVII.

Sheriff deprived Redflex of its benefits under the Agreement in an intentional and reckless manner by refusing to pay the monies in its possession owed to Redflex.

XLVIII.

Because Sheriff knew at all times that Redflex performed fully its obligations under the Agreement, and because Sheriff further knew that Redflex invested in equipment and labor to install the cameras and implement the Program, Sheriff knew that it owed and still owes Redflex the amounts demanded. The Sheriff's conscious and intentional deprivation of the money owed to Redflex was and continues to be committed in an intentional and reckless manner.

XLIX.

Sheriff knew and continues to know that there exists no legitimate reason to withhold and not pay the money owed Redflex.

L.

Redflex is entitled to damages, foreseeable or not, that are a direct consequence of Sheriff's bad faith, failure to perform.

## COUNT SIX

## **BY KEEPING THE FUNDS, SHERIFF HAS BEEN ENRICHED WITHOUT CAUSE**

LI.

In the alternative, by keeping the money owed to Redflex under the Agreement, Sheriff has been enriched without cause.

LII.

Though Redflex has performed all of its obligations under the Agreement, Sheriff has failed to perform many of its obligations.

LIII.

Sheriff has retained all of the proceeds due to Redflex.

LIV.

Redflex has made demand upon Sheriff to return the funds it is owed, but Sheriff has failed and refused to pay.

LV.

Sheriff, therefore, has been enriched without cause by keeping the money owed Redflex under the Agreement.

LVI.

Redflex is entitled to damages in the amount by which Sheriff has been enriched without cause.

## COUNT SEVEN

## QUANTUM MERUIT

LVII.

Redflex and Sheriff agreed that Redflex would perform services for it, including installation, monitoring, and implementation of the Program.

LVIII.

Redflex subsequently performed all of its required services under the Agreement.

LIX.

Redflex has made demand upon Sheriff to pay to it the monies due and owing under the Agreement, but Sheriff has failed and refused to pay.

LX.

Redflex is entitled to be paid for the services it has performed, including the value of the equipment installed in furtherance of performance, as well as damages relating to the diminution of value to said equipment as it sits idly, unused, on Jefferson Parish sidewalks and medians, using the language of the Agreement to determine the value of Redflex's services.

## COUNT EIGHT

## INJUNCTIVE RELIEF

LXI.

Remedies at law are inadequate.

LXII.

Redflex's property stands to be dissipated, during the litigation of this matter.

LXIII.

Because, upon information and belief, Sheriff lacks the funds to pay Redflex if Redflex succeeds on the merits of this matter, and because Sheriff has the ability to dispose of the money owed Redflex, Redflex will suffer irreparable harm pending resolution of this substantive matter if an injunction is not granted.

LXIV.

Further, La. Civ. Code art. 1987 provides that "an obligor may be restrained from doing anything in violation of an obligation not to do." Sheriff is obligated, under the Agreement, to facilitate the payment of all monies owed to Redflex from the funds Sheriff has collected and holds. Thus, Sheriff is obligated not to dispose of the money in any other manner other than as described under the Agreement and should be enjoined from so doing.

LXV.

Redflex has a reasonable likelihood of success in this litigation.

LXVI.

The threatened injury outweighs the potential harm to Sheriff from granting the injunction as the Sheriff has represented that it is holding the property pending resolution of litigation concerning the ATSE Ordinance in which it the plaintiffs allege that enforcement of the ordinance violated their constitutional rights , as detailed above.

LXVII.

Granting this injunction will not disserve the public interest.

LXVIII.

Sheriff should be enjoined from retaining the monies owed to Redflex and immediately ordered to pay to Redflex all amounts owed.

## **PRAYER FOR RELIEF**

Redflex Traffic Systems, Inc. respectfully requests that this Court:

A.  Order, in favor of Redflex, specific performance under the Agreement including reinstitution of the Program and payment of the amounts collected by the Sheriff and owed to Redflex, plus all penalties, cost and expenses of these proceedings, and interest from the date of judicial demand until paid at the legal rate of interest, and such other costs and charges as are permitted by the Court.

B.  Order that the Sheriff is enjoined from retaining the funds owed to Redflex and enjoined from disposing of the funds in any way other than pursuant to the terms of the Agreement.

C.  Order Defendant Sheriff to pay Redflex an award of attorney's fees, and costs expenses incurred in the prosecution of this action.

D.  Order Defendant Sheriff to pay Redflex damages in the amount owed under the Agreement, plus all other damages suffered by Redflex as a result of the Sheriff's breach of contract including delay damages, all costs and expenses, loss of reputation, loss of business, attorney's fees and interest from the date of judicial demand to be paid at the legal rate of interest and any other relief provided by the Court.

E.  Order the Sheriff to immediately indemnify and defend Redflex in *Earl J. Falgoust and Kathleen McMenamin, individually and on behalf of all other similarly situated v. The Parish of Jefferson and Redflex Traffic Systems, Inc.*, 24th JDC No. 691-768, Parish of Jefferson, State of Louisiana, and *Timothy G. Morales, et al v. The Parish of Jefferson and Redflex Traffic Systems, Inc.*, 24th JDC No. 673-195, Parish of Jefferson, State of Louisiana.

F.  Order Defendant Sheriff to pay Redflex the costs and legal fees already exhausted by Redflex in defending *Barry Sevin, et al v. Parish of Jefferson, et al*, E.D.La. No. 08-802, Sec. R; *Earl J. Falgoust and Kathleen McMenamin, individually and on behalf of all other similarly situated v. The Parish of Jefferson and Redflex Traffic Systems, Inc.*, 24th JDC No. 691-768, Parish of Jefferson, State of Louisiana; and *Timothy G. Morales, et al v. The Parish of Jefferson and Redflex Traffic Systems, Inc.*, 24th JDC No. 673-195, Parish of Jefferson, State of Louisiana, to date.

Respectfully submitted,

MIDDLEBERG, RIDDLE & GIANNA

/s/ Dominic J. Gianna
Dominic J. Gianna (#6063)
Michele Allen-Hart (#25332)
Alan Dean Weinberger (#13331)
Hal D. Ungar (#31344)
201 St. Charles Avenue, Suite 3100
New Orleans, Louisiana 70170-3100
Telephone: (504) 525-7200
Facsimile: (504) 581-5983
***Attorneys for Redflex Traffic Systems, Inc.***

**PLEASE WITHOLD SERVICE. REQUEST FOR
WAIVER OF SUMMONS TO BE MAILED TO:**

Sheriff Newell Normand
1233 Westbank Expressway
Harvey, Louisiana 70058

ND: 4842-1155-9184, v. 5