UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **REDFLEX TRAFFIC SYSTEMS, INC.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 12-2119** |
| | * | |
| **NEWELL NORMAND** | * | **SECTION "L"(3)** |

## ORDER & REASONS

Before the Court is Defendant's Motion to Dismiss for Lack of Jurisdiction (R. Doc. 7). The Court heard oral arguments from counsel on Wednesday, December 12, 2012. The Court, having considered counsel's submissions and arguments, and having reviewed the applicable law, now issues this Order and Reasons.

### I. BACKGROUND AND PRESENT MOTION

This diversity case arises out of a professional services agreement between Jefferson Parish and Plaintiff Redflex Traffic Systems, Inc. ("Redflex"). Redflex alleges breach of contract because of the Parish's failure to pay for Redflex's services under the agreement. The Defendant has not yet filed an answer.

On November 14, 2012, Defendant filed a Motion to Dismiss pursuant to Rule 12(b)(1) and/or 12(b)(3) to enforce a forum selection clause contained in the agreement. (R. Doc. 7). Section 10.17 of the agreement reads as follows: "Any dispute arising out of or in connection with this Agreement shall be submitted to the exclusive jurisdiction and venue of the courts located in the Jefferson Parish, Louisiana and both parties specifically agree to be bound by the jurisdiction and venue thereof." Defendant argues that this clause is fully enforceable and that therefore this lawsuit must be dismissed without prejudice to its being re-filed in the appropriate forum.

Redflex opposes this Motion. (R. Doc. 10). Redflex argues that the fact that the word "courts" is plural indicates that the parties intended to include both state courts located in Jefferson Parish and this Court, whose jurisdiction encompasses that Parish. Redflex acknowledges that First Parish Court and Second Parish Court are also located in Jefferson Parish, in addition to the Judicial District Court for the Parish of Jefferson, but argues that the First and Second Parish Courts "were not contemplated as venues" because their jurisdiction is limited to claims under $20,000. Redflex argues that authorities cited by Defendant are inapposite because every contract is unique. Finally, Redflex argues that, should the Court find the clause ambiguous, the proper remedy would be introduction of parol evidence.

## II. LAW AND ANALYSIS

Although this is a diversity case, federal law governs the enforceability of the forum selection clause. *Alliance Health Group, LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 399 (5th Cir. 2008). Under federal law, forum selection clauses are presumed enforceable, and those resisting enforcement of such a clause bear the burden of proof. *Ginter v. Belcher, Prendergast & LaPorte*, 536 F.3d 439, 441 (5th Cir. 2008) ("In cases such as this one, where a litigant in federal court attempts to have a case dismissed based on a contractual provision requiring suit to be filed in state court, the forum-selection clause should be upheld unless the party opposing its enforcement can show that the clause is unreasonable.") To determine whether a particular claim or set of claims falls within the scope of a forum selection clause, the Court examines "the language of the forum-selection clause with a common-sense view of the causes of action." *Ginter*, 536 F.3d at 444; *Collin County v. Siemens Bus. Servs., Inc.*, 250 F. App'x 45, 52-54 (5th Cir. 2007) (affirming a lower court's dismissal pursuant to a forum selection clause specifying that venue "shall lie exclusively in Collin County, Texas" because

the clause constituted a waiver of the right to remove the lawsuit to the federal district court having jurisdiction over that county but not yet physically located there).  The United States Court of Appeals for the Fifth Circuit is careful to distinguish the concepts of physical location and geographical extent of jurisdiction; where a clause defines the forum in terms of one, courts must not imply the other.  *See Collin County*, 250 F. App'x at 54.

Here, the cited language clearly refers to location, employing the phrase "the courts located in the Jefferson Parish, Louisiana," as opposed to geographical extent of jurisdiction. Therefore, the Defendants' Motion to Dismiss is well-founded and must be granted.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motion to Dismiss for Lack of Jurisdiction (R. Doc. 7) be and is hereby **GRANTED**.  **IT IS FURTHER ORDERED** that this case be and is hereby **DISMISSED** without prejudice to Plaintiff's right to re-file in an appropriate forum.

New Orleans, Louisiana, this 12th day of December, 2012.

_____
UNITED STATES DISTRICT JUDGE